IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES MATHEW COLOMB,<br>    Plaintiff, | : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : | |
| ROBERT D. JAMES; et al.,<br>    Defendants. | : | CIVIL ACTION NO.<br>1:20-CV-0438-SDG-LTW |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff James Mathew Colomb, presently confined in the Clayton County Prison in Lovejoy, Georgia, has filed this *pro se* civil rights action. The matter is now before the undersigned Magistrate Judge for consideration of plaintiff's request to proceed *in forma pauperis* (Doc. 2) and for a 28 U.S.C. § 1915A frivolity screening. For the reasons that follow, plaintiff's request to proceed *in forma pauperis* [2] is **GRANTED**, but the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to state a claim.

**I.     Request to Proceed *In Forma Pauperis***

Plaintiff has filed an authorization allowing his custodian to withdraw funds from his inmate account, and he has insufficient funds in that account to pay an initial partial filing fee. (Doc. 2.) Accordingly, plaintiff's request to proceed *in forma pauperis* [2] is **GRANTED**, and plaintiff need not pay an initial partial filing

fee. Plaintiff shall, however, be obligated to pay the full statutory filing fee of $350.00 as funds are deposited in his inmate account pursuant to the provisions of 28 U.S.C. § 1915(b)(2). Specifically, the balance of said filing fee shall be paid by, or on behalf of the plaintiff, in monthly or other incremental payments in the amount of 20% of the preceding month's income credited to plaintiff's inmate account in each month in which plaintiff's account balance exceeds $10.00. Pursuant to 28 U.S.C. § 1915(b)(2), the institution administering plaintiff's inmate account shall withdraw such amounts from the account and remit the same to the Clerk, U.S. District Court, until the filing fee is paid in full, as verified by separate notice from the Clerk to the warden of the institution.

**II.     Frivolity Screening**

    A.     The Screening Standard

A federal court must screen a prisoner's complaint to determine if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States;

and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

B. Discussion

Plaintiff brings this action against the DeKalb County Police Department, District Attorney Robert D. James, confidential informant Brian Baldalasaca, and Detectives Ronnie Eugene Viar, Jr., Joe Carl Pitts, III, Gordon McCaren Morrison, and Frederick Michael Beckers. (Doc. 1 at 1, 3.) Plaintiff alleges that, on May 18, 2010, the confidential informant and detectives "entrapped [him] in a drug sting operation," Detectives Beckers and Morrison illegally detained him, and Detective Viar illegally searched his vehicle. (*Id.* at 7-15.) Plaintiff further asserts that the "public prosecutor" maliciously prosecuted him by initiating a criminal proceeding against him without probable cause and by later dead docketing the case on February 27, 2014, in order to toll the limitations period. (*Id.* at 16.) According to plaintiff, the criminal case was nolle prossed on February 16, 2018. (*Id.* at 16.) Plaintiff seeks monetary relief. (*Id.* at 5-6.)

Pursuant to § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). The DeKalb County

3

Police Department is not a legal entity subject to suit under 42 U.S.C. § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Additionally, District Attorney James is entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (A prosecutor is absolutely immune from suits for money damages for activities that are "intimately associated with the judicial phase of the criminal process."); *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government," including "the initiation and pursuit of criminal prosecution.") (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) and *Imbler*, 424 U.S. at 431).

Finally, plaintiff's claims concerning the events of May 18, 2010, are time barred. The statute of limitations for § 1983 actions filed in Georgia is two years. *Jones v. Union City*, 450 F. App'x 807, 808-09 (11th Cir. 2011) (per curiam). This limitations period "begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant." Id. at 809 (citation omitted). The facts supporting plaintiff's claims were known to him when they occurred. Therefore, plaintiff had until May 18, 2012, to file this action. However, plaintiff did not submit this complaint until January 17, 2020 (Doc. 1 at 21), approximately seven years and eight months too late. Accordingly, it is apparent from the face of

the complaint that this action is barred by the two-year statute of limitations and should be dismissed for failure to state a claim. *See Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010) (per curiam) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. . . . When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading.") (citations omitted).

### III. Conclusion

For the foregoing reasons, plaintiff's request to proceed *in forma pauperis* [2] is **GRANTED**, but the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to state a claim.

The Clerk **SHALL** transmit a copy of this Order to the Warden of Clayton County Prison. The Warden, or his designee, shall collect the aforesaid monthly payments from plaintiff's inmate account and remit such payments to the Clerk of the United States District Court for the Northern District of Georgia until the $350.00 filing fee is paid in full.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 6 day of February, 2020.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE