# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JAMES MATHEW COLOMB,

    Plaintiff,

               v.

ROBERT D. JAMES, *et al.*,

    Defendants.

Civil Action No.
1:20-cv-00438-SDG

## OPINION AND ORDER

This *pro se* civil rights action is before the Court on United States Magistrate Judge Linda T. Walker's Report and Recommendation (R&R) that the action be dismissed for failure to state a claim [ECF 3]. Plaintiff objects to the R&R [ECF 5]. After careful consideration of the record and Plaintiff's objections, the Court **OVERRULES** the objections and **ADOPTS** the R&R.

## I.   BACKGROUND

### a.   Factual Background

Plaintiff James Mathew Colomb, presently confined in the Clayton County Prison in Lovejoy, Georgia, filed this action against the DeKalb County Police Department; now-former DeKalb District Attorney Robert D. James; an alleged

informant; and Detectives Ronnie Eugene Viar, Jr., Joe Carl Pitts, III, Gordon McCaren Morrison, and Frederick Michael Becker (the Detectives).[1]

Colomb alleges that on May 18, 2010, the alleged informant and the Detectives "entrapped [him] in a drug sting operation."[2] He asserts that the informant, accompanied by an unnamed plain-clothes detective, met Colomb at his home.[3] The informant was allegedly supposed to bring money to pay for work Colomb had done, but, upon arrival, the informant told Colomb that he would need to follow the informant to a location near a shopping mall in DeKalb County to retrieve the funds.[4] After some discussion, during which the informant offered to pay for Colomb's gas, Colomb agreed to follow him to the mall.[5] The parties set out with the informant and the unnamed detective in one car and Colomb following in his car.[6]

---

[1]   ECF 1, at 1, 3.

[2]   *Id.* at 7–15.

[3]   *Id.* at 7.

[4]   *Id.*

[5]   *Id.*

[6]   *Id.*

According to Colomb, while on the way to retrieve the money, they stopped at a gas station and the informant gave Colomb money for gas.[7] As he was filling his car, Colomb noticed that the informant was seated in the passenger seat of Colomb's car.[8] Colomb asked the informant why he was in his car, and the informant stated that he was going to ride with Colomb to show him the route.[9] The informant then changed his mind and got back in the car with the unnamed detective, but not before allegedly planting illicit drugs in Colomb's car.[10]

While en route, Colomb alleges that Detectives Becker and Morrison pulled him over.[11] Detective Becker asked Colomb to exit the vehicle and informed him that he was pulled over for a tag violation.[12] The detectives asked him about the gun in the holster on Colomb's side and whether there were any other weapons in

---

[7]   *Id.*

[8]   *Id.* at 8.

[9]   *Id.*

[10]  *Id.*

[11]  *Id.* at 9.

[12]  *Id.*

the vehicle.[13] Colomb replied that there were no other weapons.[14] The detectives then asked if they could search the vehicle and Colomb said, "no."[15]

Colomb alleges that Detectives Becker and Morrison illegally detained him by extending the scope of the traffic stop without probable cause and keeping him there while Detective Viar's K-9 conducted an open-air sniff of the vehicle.[16] Colomb alleges that Detective Viar illegally searched his vehicle without a warrant or consent.[17] The K-9 alerted to the presence of drugs in Colomb's car, and police searched the vehicle, finding a clear plastic bag containing white powder.[18] The police field-tested the powder, which tested positive for cocaine.[19]

Police charged Colomb with possession of cocaine with intent to distribute and possessing a firearm while committing a felony.[20] Colomb was released on bond on July 22, 2010.[21] Almost four years after his arrest, on February 27, 2014,

---

[13]   *Id.*

[14]   *Id.*

[15]   *Id.* at 10.

[16]   *Id.* at 7-15.

[17]   *Id.* at 12–15.

[18]   ECF 5, at 22.

[19]   *Id.* at 21.

[20]   *Id.* at 24.

[21]   *Id.* at 32.

the trial court "dead docketed" Colomb's criminal case because the lead investigator was medically unable to testify.[22] Four years after that, on February 16, 2018, the trial court entered a nolle prosequi in the case for the additional reason that Colomb had subsequently been convicted of aggravated assault in Cobb County Superior Court and was serving time in state prison with a projected release date of August 5, 2031.[23] Colomb asserts that the "public prosecutor" maliciously prosecuted him for the drug charge by initiating a criminal proceeding against him without probable cause and by dead-docketing the case on February 27, 2014 in order to toll the limitations period.[24]

---

[22] *Id.* at 32.

Under Georgia law, clerks of the superior courts are required to maintain "[a]n automated criminal case management system which shall contain a summary record of all criminal indictments in which true bills are rendered . . . . The criminal case management system shall contain entries of other matters of a criminal nature filed with the clerk, including quasi-civil proceedings and entries of cases which are ordered dead docketed." O.C.G.A. § 15-6-61(a)(4)(B).

[23] ECF 5, at 31. *See* O.C.G.A. § 17-8-3 (Nolle prosequi; when and how allowed; notice to defendant and defendant's attorney).

[24] ECF 1, at 16.

b.     **Procedural History**

Colomb asserts the following claims: (1) entrapment; (2) illegal detention (which this Court construes as a false arrest claim); (3) illegal search and seizure of his car; (4) malicious prosecution; and (5) violating his right to due process.[25]

The R&R concluded that the DeKalb County Police Department is not a legal entity subject to suit under 42 U.S.C. § 1983. It found that District Attorney James is immune from suit because "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government," including "the initiation and pursuit of criminal prosecution." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), and *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Lastly, the R&R determined that Colomb's false arrest and illegal search and seizure claims are time-barred because those claims concern events that allegedly occurred in May 2010; and the statute of limitations for § 1983 actions filed in Georgia is two years. Additionally, the limitations period "begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant," which in this case was when the events occurred. *Jones v. Union City*, 450 F. App'x 807,

---

[25]    *Id.* at 11–18.

809 (11th Cir. 2011) (per curiam). Therefore, the R&R found that Colomb's complaint, filed on January 17, 2020, was approximately seven years and eight months too late.[26]

Colomb objects to the R&R, asserting first that he does not bring this action against the DeKalb County Police Department; rather, he named that entity because he wanted to show Defendants' employer and job titles.[27] Second, Colomb states that District Attorney James is not entitled to absolute immunity because absolute immunity does not extend to investigatory activities. Finally, Colomb contends that his false arrest and illegal search and seizure claims were timely because he filed his civil rights complaint less than one year after the dismissal of the charges and, he argues, the statute of limitations does not begin to run for criminal defendants seeking to file § 1983 claims until the disposition of any pending criminal proceedings.[28]

## II. LEGAL STANDARD

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S.

---

[26] ECF 1, at 21.

[27] ECF 5, at 1.

[28] *Id.* at 3, 5.

667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a clearly erroneous standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

### III. DISCUSSION

#### a. Statute of Limitations

Before addressing the merits of Colomb's claims, the Court finds that Colomb's claims for false arrest and illegal search and seizure are time-barred. "Claims brought under 42 U.S.C. § 1983 are torts, subject to the statute of limitations governing personal injuries in the state where the § 1983 action has been brought." *Walker v. City of Atlanta*, No. 1:11-cv-01167-JEC, 2012 WL 879236, at *2 (N.D. Ga. Mar. 14, 2012) (citing *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding statute of limitation for § 1983 claims "is that which the State provides for personal-injury torts"). "In Georgia, the two-year time frame set forth in O.C.G.A. § 9–3–33 governs § 1983 actions." *Walker*, 2012 WL 879236, at *2 (citing *Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010)).

"The question of when the limitations period begins to run, however, is one of federal law." *Brown*, 361 F. App'x at 54 (citation omitted); *see also Harvey v. Daniels*, 625 F. App'x 499, 501 (11th Cir. 2015). Under federal law, "[a] statute of limitations begins to run when the cause of action accrues." *Brown*, 361 F. App'x at 54 (citation omitted). "The statute of limitations for claims brought under § 1983 begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant." *Johnson v. Cnty. of Paulding, Ga.*, 780 F. App'x 796, 798 (11th Cir. 2019) (citing *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (per curiam)), *cert. denied sub nom. Johnson v. Paulding Cnty., Ga.*, 140 S. Ct. 2767 (2020).

Colomb objects to the R&R's finding that his Fourth Amendment claims for false arrest and illegal search and seizure of his vehicle are time barred, asserting that his claim accrued upon the disposition of his criminal proceedings in February 2018.[29] However, his objection states the same legal principles explained above—that a § 1983 action begins to accrue when the plaintiff knows or should reasonably know of his *injury*.[30] The alleged injuries here were the false arrest and the illegal search and seizure—not the disposition of his criminal proceedings—both of

---

29   *Id.* at 2–4.

30   *Id.* at 4.

which occurred on May 18, 2010. *Johnson*, 780 F. App'x at 798–99 ("Fourth Amendment false arrest claims brought pursuant to § 1983 accrue when the claimant is detained pursuant to a legal process, not later upon his release from custody.") (citing *Wallace*, 549 U.S. at 389–91); *Rice v. Sixteen Unknown Fed. Agents*, 658 F. App'x 959, 962 (11th Cir. 2016) (unlawful search and seizure claim governed by two-year statute of limitations); *see also Ball v. Forsyth Cnty. Bd. of Comm'rs*, No. 2:15-CV-00099-RWS, 2015 WL 3796472, at *2 (N.D. Ga. June 17, 2015) (same); *Jones*, No. 1:08-CV-3910-CC, 2010 WL 11520200, at *4 (N.D. Ga. July 21, 2010), *aff'd*, 450 F. App'x 807 (11th Cir. 2011) (same). Thus, under Georgia law, Colomb had until May 18, 2012 to file those claims. Since he did not file the Complaint until January 17, 2020—over nine years and eight months after his arrest—Colomb's § 1983 claims for false arrest and illegal search and seizure are time barred.[31]

b.  **Section 1983 Liability**

To state a claim under § 1983, Colomb must show that he "was deprived of a federal right by a person acting under color of state law." *Myers v. Bowman*, 713

---

[31] ECF 1, at 21. To the extent Colomb's objection is an attempt to argue that his claims were tolled following his incarceration, "Georgia law 'does not permit tolling of the limitations period based on a litigant's incarceration status.'" *Wright v. Walmart Incorporation*, No. 1:19-CV-02580-SDG, 2020 WL 4938367, at *5 (N.D. Ga. Apr. 1, 2020) (internal citation omitted).

F.3d 1319, 1329 (11th Cir. 2013) (quoting *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997)). Colomb contends Defendants are liable under § 1983 for alleged violations of his Fourth, Fifth, Six, and Fourteenth Amendment Rights.[32]

          i.    **Colomb's Claim for Entrapment Must Be Dismissed.**

Colomb claims that the Detectives and the informant violated his Fourth, Fifth, and Fourteenth Amendment Rights.[33] In *United States v. Russell*, the Supreme Court rejected a criminal defendant's contention that his conviction violated the Constitution because law enforcement officials entrapped him. 411 U.S. 423 (1973). The Court held that "the Government's conduct here violated no independent constitutional right of the [defendant]." *Id.* at 430. *Russell's* holding applies to civil cases brought under § 1983. *See Mullinax v. McElhenney*, 672 F. Supp. 1449, 1451 (N.D. Ga. 1987) (considering *Russell* and other courts applying *Russell's* holding to civil cases, entrapment does not state a cause of action under § 1983). Accordingly, Colomb's claim of entrapment fails to state a viable claim under § 1983 and must be dismissed.

---

[32]    ECF 1, at 4.

[33]    *Id.* at 18.

### ii. **Colomb's Malicious Prosecution Claim Against District Attorney James Is Barred by Immunity and Must Be Dismissed.**

Colomb contends that District Attorney James acted maliciously when he initiated the criminal proceedings without probable cause and when he dead-docketed the case "to toll the statute of limitation of the crime."[34] The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing *Wood*, 323 F.3d at 881, *abrogated on other grounds by Williams v. Aguirre*, 965 F.3d 1147, 1159 (11th Cir. 2020)). Under federal and Georgia law, "the constituent elements of the common law tort of malicious prosecution include[ ]: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff

---

[34] *Id.* at 16.

accused." *Wood*, 323 F.3d at 881–82 (citing *Uboh v. Reno*, 141 F.3d 1000, 1002–04 (11th Cir. 1998), *abrogated on other grounds by Williams,* 965 F.3d at 1159)); *see also Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018) (same).

The Supreme Court has held that prosecutors are entitled to absolute immunity "in § 1983 actions for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Hart v. Hodges*, 587 F.3d 1288, 1294 (11th Cir. 2009) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009)). Thus, "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). This includes "the initiation and pursuit of a criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence. *Id.* (citing *Imbler*, 424 U.S. at 431, and *Burns v. Reed*, 500 U.S. 478, 486 (1991)). However, it does not include actions taken by the prosecutor when he is functioning as an investigator or witness. *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 275 (1993), and *Kalina v. Fletcher*, 522 U.S. 118, 129–31 (1997)). *See also Hart*, 587 F.3d at 1296 ("[T]he Supreme Court has made clear that prosecutorial immunity may not apply when a prosecutor is not acting as an officer of the court but is instead engaged in certain investigative or administrative tasks.").

Colomb alleges that James undertook the malicious prosecution by initiating the action without probable cause and unlawfully dead-docketing his case before the court entered the nolle prosequi order, seven years after Colomb had been indicted.[35] Prosecutors are entitled to absolute immunity from § 1983 damages for their acts taken while initiating a prosecution as a result of their official role. *Harris v. Goderick*, 608 F. App'x 760, 762 (11th Cir. 2015); *see Menden v. City of Mountain Park,* No. 1:08-CV-1469-TCB, 2009 WL 10699049, at *5 (N.D. Ga. July 2, 2009) (actions initiating prosecution, with or without adequate basis, shielded by absolute immunity).

James is entitled to absolute immunity for initiating the prosecution against Colomb regardless of whether James filed the charges without probable cause. *Harris*, 608 F. App'x 760, 762 (11th Cir. 2015). Additionally, there is nothing in the record indicating that James functioned as an investigator or complaining witness. Therefore, the narrow exception laid out in *Rivera* does not apply here. 359 F.3d at 1353; *see also Harris*, 608 F. App'x at 762.

District Attorney James is also entitled to absolute immunity for having Colomb's case placed on the dead docket based on prosecutorial discretion. Under

---

[35] ECF 5, at 13, 17.

Georgia law, dead-docketing is a "procedural device by which the prosecution is postponed indefinitely but may be reinstated any time at the pleasure of the court." *Parris v. Taft*, 630 F. App'x 895, 899 (11th Cir. 2015) (internal quotation marks omitted) (quoting *State v. Creel,* 216 Ga. App. 394, 395 (1995)). Here, the record indicates that Colomb's case was placed on the dead docket because the lead investigator on the case, Detective Becker, was "undergoing medical treatment that render[ed] him unable to testify."[36] All actions taken by James relating to the dead docket were directly connected with his basic trial advocacy duties as a prosecutor to make testimony available at trial, and therefore are covered by absolute immunity. *See Hart*, 587 F.3d at 1295 (2009) (citing *Van de Kamp*, 555 U.S. 335, 341 (2009) and *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)). Accordingly, James is entitled to absolute immunity and the malicious prosecution claim must be dismissed.

### iii. Colomb's Due Process Claim (Count V) Must Be Dismissed.

As noted above, Colomb also alleges that Defendants deprived him of his due process rights "throughout these proceeding starting [May 18, 2010] and ending a mere eight years later" in violation of his Fourth, Fifth, and Fourteenth

---

[36] *Id.* at 32.

Amendment Rights.[37] However, Colomb does not describe how his due process rights were allegedly violated. To the extent Colomb asserts a speedy trial violation under the Sixth Amendment, the proper time to raise this claim was during the underlying criminal proceeding, not as a collateral attack in a civil action. "The sole remedy for a violation of the speedy trial right [is] dismissal of the charges." *Betterman v. Montana*, 136 S. Ct. 1609, 1615 (2016). But Colomb's criminal case has already been dismissed. Therefore, to the extent Colomb claims a violation of his right to a speedy trial, this claim must be dismissed.

To the extent Colomb alleges that Defendants deprived him of his substantive due process rights, the Supreme Court has acknowledged that there may be a substantive due process violation where "the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United States v. Russell*, 411 U.S. 423, at 431–32 (1973); *see also United States v. Sanchez*, 138 F.3d 1410, 1413 (11th Cir. 1998) (same). "Outrageous government conduct occurs when law enforcement obtains a conviction for conduct beyond the defendant's predisposition by employing methods that fail to comport with due process

---

[37] ECF 1, at 18.

guarantees." *United States v. Cazy*, 618 F. App'x 569, 572 (11th Cir. 2015) (quoting *United States v. Jayyousi*, 657 F.3d 1085, 1111–12 (11th Cir. 2011)); *see also United States v. Lopez-Cruz*, 170 F. App'x 634, 636 (11th Cir. 2006) ("Whether outrageous governmental conduct exists turns upon the totality of the circumstances with no single factor controlling and the defense can only be invoked in the rarest and most outrageous circumstances.") (quoting *United States v. Haimowitz*, 725 F.2d 1561, 1577 (11th Cir. 1984)).

Here, James' decision to place the case on the dead docket because the lead investigator was unable to testify falls far short of the outrageous government conduct standard.[38] Nothing in the record indicates that the state was exercising ongoing control over Colomb through reporting requirements, or work, travel, or residence restrictions based on his indictment. *See Howard*, 776 F.3d 772, 776 (11th Cir. 2015) (holding a dead-docketed indictment that had been pending for nineteen years was not active and did not present restraints on Plaintiff's liberty). Colomb fails to state how any delay of prosecution prejudiced him. Moreover, the state court provided a sufficient remedy to Colomb when it entered the nolle prosequi on February 16, 2018.[39] *Cobble v. Cobb Cty. Police Dep't*, No. 1:02-CV-

---

[38]   ECF 5, at 32.

[39]   *Id.* at 17.

02821-RWS, 2014 WL 2219245, at *2–3 (N.D. Ga. May 29, 2014) (quoting *McKinney v. Pate,* 20 F.3d 1550, 1557 (11th Cir.1994)) ("Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under § 1983 arise."). Accordingly, Colomb's due process claim must be dismissed.

## IV.   CONCLUSION

Having reviewed the record, the R&R, and Colomb's objections, the Court agrees with the R&R's recommendation that the action be dismissed. The R&R is **ADOPTED** to the extent it does not conflict with the findings above and the action is **DISMISSED** for failure to state a claim. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this the 1st day of December 2020.

Steven D. Grimberg
United States District Court Judge